UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MARIO CEJA MAGANA,<br>Institutional ID # 00343-111,<br><br>Plaintiff,<br><br>v.<br><br>U.S DEPARTMENT OF JUSTICE<br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | § § § § § § § § § § § § § | <br><br><br><br><br><br>CIVIL ACTION NO.<br>1:12-CV-168-BL<br>ECF<br><br><br>Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 on May 7, 2012 (Doc. 3). This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). Plaintiff alleges that officials at the Big Spring Correctional Institutional - Flightline Unit ("Flightline Unit"), in Big Spring, Texas, were deliberately indifferent to his serious medical needs and failed to provide him with a pay upgrade.[1]

Plaintiff originally filed his complaint in the Dallas Division of the Northern District of Texas. This case was transferred to the Abilene Division and then reassigned to the United States magistrate judge on October 2, 2012 (Doc. 9). Plaintiff indicated his consent to proceed before the

---

[1] Plaintiff asserts that the Flightline Unit is a private correctional institution operated by the GEO Group under a contract with the Federal Bureau of Prisons ("BOP). However, as Plaintiff named the BOP as sole Defendant in this matter, the court need not address the issue of a *Bivens* claim asserted against officials operating a private prison for federal detainees or inmates.

United States magistrate judge pursuant to 28 U.S.C. § 636(c) on October 10, 2012 (Doc. 10).

The court set an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) for January 29, 2013, to further develop the factual basis of Plaintiff's complaint (Doc. 11). Plaintiff appeared and testified in his own behalf.

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint, as supplemented by Plaintiff's testimony.

## I. BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff claims that:

1. During all times relevant to the claims set forth in his complaint, Plaintiff was confined to the Flightline Unit.

2. Plaintiff, incarcerated since April 1, 1996, has held a number of jobs. Plaintiff has primarily worked as a cook at the Flightline Unit.

3. Plaintiff, who is an illegal immigrant, requested an upgrade in his pay; however, Flightline officials did not increase the amount that he is paid.

4. In September 2012, Plaintiff injured his elbow while working. Plaintiff went to medical services and was given ibuprofen.

5. Sometime later, Plaintiff submitted a sick call and was seen in the medical department. Plaintiff was told that his elbow did not require further treatment although he continues to experience pain. Plaintiff thought he would undergo x-rays a second time.[2]

6. Plaintiff became unable to perform his work as a cook because of his elbow pain. He changed jobs and is now an orderly. Plaintiff has still not been given a pay upgrade. Plaintiff

---

[2] Plaintiff has alternately indicated that he received x-rays once or not at all. This fact is not, however material to completion of the initial review.

believes this may because of his status as an illegal immigrant, even though other inmates are also illegal immigrants.

Plaintiff is seeking injunctive relief and an award of damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F. 3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. *Id.* The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

Plaintiff's civil rights claims, as a federal prisoner, arise under *Bivens*. "A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state rather than federal officials." *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

The court has reviewed Plaintiff's arguments and claims in his complaint, and his testimony at the *Spears* hearing, to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

### A. Deliberate Indifference to Serious Medical Needs.

Plaintiff claims that the Defendants subjected him to cruel and unusual punishment by failing to provide him with appropriate care for his elbow injury.

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution, however. *Id.* at 105-07. To establish an Eighth Amendment medical claim for cruel and unusual punishment, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. A complainant must show that a prison official's state of mind was "one of

'deliberate indifference' to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall v. Thomas,* 190 F.3d 693, 697 (5th Cir. 1999) (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981)). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall,* 190 F.3d at 697 (quoting *Farmer,* 511 U.S. at 834). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.*

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall,* 190 F.3d at 697 (citing *Estelle,* 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson,* 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise

to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ([A]bsent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983.). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Plaintiff's testimony and complaint indicate that after he injured his elbow, he was seen by medical personnel on several occasions and was provided with pain medication. Plaintiff testified that such personnel told him that although he continued to experience pain in his elbow, the injury did not require any additional treatment or tests. Plaintiff was not provided with x-rays when he believed he needed them. Plaintiff testified that he did not otherwise pursue medical care; rather, he continues to experience pain, but another inmate helps him with massage.

Plaintiff's factual allegations, accepted as true, do not demonstrate that Flightline medical personnel or staff refused to treat him, ignored his complaints, or intentionally treated him incorrectly. *Domino*, 239 F.3d at 756. Disagreement with the type of medical care provided is actionable under § 1983 only if there were exceptional circumstances. *See Varnado*, 920 F.2d at 321. Plaintiff's allegations do not demonstrate that any such circumstances were present. His dissatisfaction with the determination that he no longer required x-rays, nor was further treatment for his elbow required, does not demonstrate deliberate indifference to his serious medical needs. Whether to provide additional treatment or to determine the treatment to provide "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756. Plaintiff's disagreement with this decision is not sufficient to make a claim for deliberate indifference to serious medical needs. There are no exceptional circumstances in this case.

The court has fully considered Plaintiff's allegations in his complaint, and finds that Plaintiff has failed to state a cognizable constitutional claim for deliberate indifference to his serious medical needs or cruel and unusual punishment against the Defendant; accordingly, such claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

**B.     Personal Involvement, Supervisory Capacity, and Official Capacity Claims**

Plaintiff has named the BOP as the sole Defendant in this case. Suits against federal officials under *Bivens* may only be asserted in his or her individual capacity. *Bivens*, 510 U.S. at 485. Plaintiff's claims against a federal defendant in his or her official capacity is barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (in which the Supreme Court noted that "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," not to deter a federal agency or the United States).

Plaintiff asserts claims against the BOP that are essentially based on supervisory and or official capacity and the denial of his grievances. In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994).

A complaint under *Bivens* is the federal counterpart of a § 1983 claim. " In effect, it extends the protections afforded by § 1983. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107 (5th Cir. La. 1993). As such a *Bivens* plaintiff may not apply principles of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U. S. 662, 676 (2009). *Bivens* does not extend to suits based on supervisory liability. *See Dean v. Gladney*, 621 F.3d 1331, 1336 (5th Cir.1980).

Therefore, to the extent that any such claims are asserted against the BOP or any Flightline official in his or her official or supervisory capacities, such claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Plaintiff also asserts that his administrative grievances were denied and Flightline officials and staff failed to provide him with the relief sought. The Fifth Circuit has made it clear that a "prisoner has a liberty interest only in 'freedoms from restraint . . . imposing atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Id.* Any claims that Plaintiff asserts based on the denial of his grievances or the failure of staff to obtain the requested pay upgrade for him thus lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE**.

C. **Equal Protection Claim**

Plaintiff also claims that he was denied equal protection of the law, arguing that his status as an illegal immigrant was the reason for denial of his requests for a pay upgrade. To state an equal protection claim, the Plaintiff must allege, *inter alia*, that similarly situated individuals have been treated differently. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). The inquiry focuses on whether the plaintiff is similarly situated to another group for purposes of the challenged government action. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (citing *Klinger v. Dep't of Corrections*, 31 F.3d 727 (8th Cir. 1994)). A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. *Propes v. Mays*, 169 F. App'x 183 (5th Cir. 2006) (citing *Pedraza v. Meyer*, 919 F.2d 317, 318 n. 1 (5th Cir. 1990). Plaintiff alleges that he was denied a pay upgrade, but other illegal immigrants were not. As such, Plaintiff's complaint does not support his contention. Plaintiff testified that most of the inmates around him at Flightline are illegal immigrants. Plaintiff's allegations do not demonstrate that he was treated worse than similarly situated inmates because of his immigration status. Consequently, Plaintiff's claim merely amounts to an inconsistent outcome in an individual instance, which furnishes no basis for relief on an equal protection claim. *See Cotton v. Booker*, 166 F.3d 341 (5th Cir. 1998) (citing *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir.1993) (absent any

allegation of improper motive, in the sense of being treated differently because of some personal or class characteristic such as race or religion, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief on an equal protection claim)).

Having carefully considered Plaintiff's allegations, the court finds that his equal protection claim lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

D.  **Pay Upgrade Claim**

Plaintiff argues he was impermissibly denied a pay upgrade while working in the kitchen and thereafter as an orderly. Plaintiff repeatedly sought a pay upgrade; officials did not ensure that Plaintiff's pay was increased.

An inmate does not have an inherent constitutional right to be compensated for work performed while in prison. *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988). Inmates may be compelled to work without pay. *See Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001)("[t]he Constitution does not forbid an inmate's being required to work."). Classification of prisoners and eligibility for rehabilitation programs are not subject to "due process" protections. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Thus, "a prisoner has no liberty or property interest in his job assignment." *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995).

Plaintiff has no protected interest in any prison job or in being compensated for prison work. Moreover, Plaintiff may be required to work. It follows, therefore, that Plaintiff does not have a protected interest in the pay upgrade he sought. Plaintiff's claim of being impermissibly denied a pay upgrade does not state an arguable constitutional claims and should be **DISMISSED WITH PREJUDICE.**

### III. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law,

**IT IS ORDERED THAT** all of Plaintiff's claims asserted against the Defendant is **DISMISSED WITH PREJUDICE AS FRIVOLOUS**;

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*. Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED.**

DATED this 4th day of February, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE